IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Rick Cumbe, On Behalf of Himself and all Others Similarly Situated, | C/A NO: 2:17-cv-03176-DCN |
| Plaintiff, | COMPLAINT |
| v. | (Jury Trial Requested) |
| Lebanon Delights LLC, DBA Leyla's and Dolly Awkar, *individually*. | |
| Defendants. | |

Plaintiff Rick Cumbe, individually and on behalf of all others similarly situated, by way of his Complaint in the above-captioned matter, alleges the following claims against Defendant Lebanon Delights LLC, DBA Leyla's and Dolly Awkar individually, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq.* (SCPWA).

## NATURE OF CLAIM

1.     This is an action for violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, (FLSA).  Plaintiff is a former employee of Defendants. Defendants required Plaintiff to participate in illegal tip pool and claimed a tip credit to reduce the hourly wages below the Federal Minimum Wage of $7.25.

2.     Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of other similarly situated employees of the Defendants who worked as servers and who suffered damages because of Defendants' violations of the FLSA.

1

3.    Plaintiff also brings individual claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq*. (SCPWA).

**PARTIES, JURISDICTION AND VENUE**

4.    Plaintiff Rick Cumbe is a citizen and a resident of Charleston County, South Carolina.

5.    Defendant Lebanon Delights LLC, DBA Leyla's., is a for-profit limited liability South Carolina Corporation, organized and existing under the laws of South Carolina, and is registered with the South Carolina Secretary of State.

6.    Defendant, Dolly Awkar is a citizen and resident of Charleston County, South Carolina.

7.    Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Charleston County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

8.    Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all similarly situated servers who were not paid the federal minimum wage, and had improper deductions from their wages and tips while working for Defendants at Leyla's.

9.    This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

10.    In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiffs' pendent claims, which are brought pursuant to the law of the State of South

Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## FACTS

11.    Defendant Lebanon Delights LLC, is a South Carolina limited liability company that operates Leyla's Fine Lebanese Cuisine a restaurant located at 298 King Street, Charleston, SC 29401.

12.    Defendant Dolly Awkar is an owner and manager of Leyla's and Lebanon Delights LLC. Defendant Awkar acts directly and/or indirectly in the interest of Defendants in relation to Plaintiff and similarly situated employees.  Defendant Awkar managed, owned and/or operated Leyla's, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Dolly Awkar was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 et seq.

13.    The Defendants employed Rick Cumbe from July of 2016 to August of, 2017.

14.    Plaintiff was employed as a server.  His primary job responsibilities included taking customers drink and food orders and delivering it to their table.

15.    Plaintiff and other similarly situated employees had an employment agreement with Defendants, whereby Plaintiff was paid an hourly rate plus tips and this compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

16.    Defendants paid Plaintiff $2.13 an hour.

17.    Defendants paid Plaintiff, and other similarly situated servers, less than the statutory minimum $7.25 wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

18.     Defendants violated the tip credit notice requirement of 29 U.S.C. § 203(m), because they did not inform the employees that they intended to treat tips as satisfying part of their minimum wage obligation. Nor did Defendants notify Plaintiff or similarly situated employees of their policy regarding the FLSA's tip credit provisions.

19.     Defendants failed to notify Plaintiff, as well as other similarly situated employees, about the provisions of their tip policy.

20.     Defendants failed to inform the Plaintiff, as well as other similarly situated employees regarding the amount of the tip credit they were taking.

21.     Defendants failed to inform Plaintiff as well as other similarly situated employees regarding the amount of tip pool contributions they would be required to make either before or after they were hired.

22.     In fact, all of Plaintiff's tips, as well as other similarly situated employees' tips, went into a general pool and was distributed at the end of the shift by the Defendant Awkar or her husband.  Plaintiff as well as other similarly situated employees were not informed of the amount that was in the general pool.

23.     At the end of the shift, Defendant Awkar counted the tips that were in the general pool and then distributed the tips to Plaintiff and the other servers, as well as herself.

24.      Defendants required Plaintiff and similarly situated servers to participate in a mandatory "tip pool" which included tipping Defendant Awkar.

25.     Defendant Awkar, is an owner of Leyla's and is not, by definition, a "tipped employee" eligible to share in a tip pool under § 203(m)..

26.     Defendant Awkar unlawfully included herself in the tip pool.

27.     Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available under 29 U.S.C § 203 (m) because Defendants retained portions of Plaintiff's tips and similarly situated employee's tips for their own purposes.

28.     Plaintiff complained to Defendant Awkar about her policy of requiring him and other servers to include her in the tip pool.  As result, Defendant Awkar agreed to take less of the tips for herself however she still regularly included herself in the tip pool.

29.     A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit. The FLSA prohibits any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer. https://www.dol.gov/whd/regs/compliance/whdfs15.htm

30.     Defendant Awkar had a willful policy of withholding and/or diverting portions of the servers' tips directly from them and using them for her own purposes.

31.     Defendants actions were not in good faith or based upon a reasonable belief that they were not violating applicable laws.

32.     As a result of the Defendants' mandatory tip pool, the Defendants violated the rights of the Plaintiff and similarly situated employees by failing to pay these employees the federally mandated minimum wage of $7.25 an hour.

33.     Defendants also deducted money from Plaintiff's and similarly situated servers' wages when they incorrectly placed food orders.

### FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act-Minimum Wage Claim)
(Individual and Collective Claim)

34.     Plaintiff, on behalf of himself and all other similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

5

At all times pertinent to this Complaint, Lebanon Delights LLC, DBA Leylas Fine Lebanese Cuisine engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

35.    At all times relevant to this Complaint, Lebanon Delights LLC, DBA Leyla's Fine Lebanese Cuisine annual gross volume of sales or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00).  Alternatively, Plaintiff worked in interstate commerce, so as to fall within the protection of the FLSA

36.    The business of Lebanon Delights LLC, DBA Leyla's Fine Lebanese Cuisine was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, is subject to, and covered by, the Fair Labor Standards Act.

37.    The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

38.    The FLSA, 29 U.S.C. § 203(m), provides an exception allowing Defendants to pay less than the statutory minimum wage to tipped employees, on the condition that the pooling of tips amongst those who customarily and regularly receive tips.

39.    When the Defendant Awkar shared in the Tip Pool and took a percentage of the tip pool, the tip pool was invalidated.

40.    Without the benefit of the tip credit provision, the Defendants must pay the Plaintiff and similarly situated employees the statutory minimum wage of seven and 25/100 ($7.25) per hour.

41.    Defendants' compensation of the Plaintiff and other similarly situated employees violated the minimum wage provisions of the FLSA because Defendants did not permit Plaintiff and other similarly situated employees to retain all the tips they received.

42.     Defendants' compensation of the Plaintiff and other similarly situated employees violated the minimum wage provisions of the FLSA because Defendants unlawfully retained portions of the tips received by Plaintiff and other similarly situated employees for Defendants' own profit.

**FOR A SECOND CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**
**(Individual Action)**

43.     Plaintiff, on behalf of himself and all similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

44.     Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

45.     Defendants employed Plaintiff and the members of the Plaintiff's class within the State of South Carolina.

46.     Defendants owe Plaintiff and the members of the Plaintiff's class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, as promised to Plaintiff and the members of the Plaintiff's class and as required by law.

47.     Defendants improperly deducted money from Plaintiff and similarly situated employees' paychecks.

48.     Defendants have failed to pay Plaintiff and the members of the Plaintiff's class all wages due, as required by Sections 41-10-40 and -50 of the Act.

49.     Pursuant to the SCPWA, "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law. . . ." S.C. Code Ann. § 41-10-40(C).

50.     Further, "any changes [to] the terms [of wages] must be made in writing at least

seven calendar days before they become effective." S.C. Code Ann. § 41-10-30(A).

51.     Defendants have failed to pay Plaintiff and similarly situated servers all wages due, as required by SCPWA.

52.     Defendants also failed to pay Plaintiff and the members of the Plaintiff's class similarly situated servers and bartenders according to their employment agreement.

53.     Accordingly, Plaintiff as well as similarly situated employees are entitled to receive all compensation due and owing to them including recovery of their tips that Defendants unlawfully took from them *in excess of the minimum wage*.

54.     Pursuant to S.C. Code § 41-10-80(C), Plaintiff and the members of the Plaintiff's class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, seeks judgment against the Defendants as follows:

a.   That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b.   Judgment against Defendants for an amount equal to Plaintiff and similarly situated employees' wages at the applicable hourly rate of $7.25;

c.   Judgment against Defendants for the amount of unlawfully retained portions of the tips in excess of the minimum wage, they unlawfully took from Plaintiff;

d.   An award of compensatory damages in an amount equal to the unpaid minimum wages owed to Plaintiff and similarly situated employees pursuant to 29 U.S.C. § 216(b);

e.   An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

f.  An award of treble damages pursuant to the South Carolina Payment of Wages Act;

g.  Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

h.  An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

i.  All such further relief as the Court deems just and equitable.

## **JURY DEMANDED**

Plaintiff Cumbe, individually and on behalf of all other similarly situated employees hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 104
Mount Pleasant, South Carolina 29464
Phone (843) 588-5587
Fax (800) 385-8160
marybeth@mullaneylaw.net
*Attorney for Plaintiff*

November 21, 2017
Mount Pleasant, South Carolina.