# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rick Cumbe, On Behalf of Himself and Others Similarly Situated,<br><br>                Plaintiff,<br>vs.<br><br>Lebanon Delights LLC, dba Leyla's and Dolly Awkar, individually,<br><br>                Defendants. | C/A No.: 2:17-cv-03176-BHH<br><br>**JOINT MOTION REQUESTING APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT** |

      Plaintiffs, through their undersigned counsel, and Defendants, through their undersigned counsel (Plaintiffs and Defendants jointly "Parties"), hereby jointly move this Court for approval of settlement of this action, to include agreed upon legal fees and costs. Plaintiffs allege Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereafter "FLSA"), in particular, by violating § 203(m), the Tip Credit, and the South Carolina Payment of Wages Act. Defendants deny any liability under the FLSA and the South Carolina Payment of Wages Act.

      Although Plaintiffs filed a motion for conditional certification, the Parties entered a settlement before the motion was decided. Three (3) individuals have joined the action. There has been a vigorous dispute between the Parties as to the underlying facts and the applicable law. After the initial exchange of written discovery, considerable discussion and review, the Parties have agreed to a settlement. At all times during this litigation, Plaintiffs and Defendant have been fully and adequately represented by counsel who have prior experience litigating wage and hour claims under the FLSA. Plaintiffs' Counsel Marybeth Mullaney has practiced in FLSA litigation representing employees for many years and has experience representing plaintiffs in collective actions. Over the previous five (5) years, approximately eighty percent of her cases have involved

FLSA litigation representing employees, most of which are collective actions. Defendants' Counsel Melissa Fried Spence, has extensive experience in FLSA litigation, representing employers for the past three (3) years in wage and hour disputes arising under the FLSA and the South Carolina Payment of Wages Act. The Parties have agreed to settle this dispute after reaching what they believe is a reasonable compromise over the disputed issues. The Parties believe that they have reached a fair and equitable resolution of this matter given the facts of this case and the legal issues involved.

29 U.S.C. § 216(b) of the FLSA contains fee-shifting provisions, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." There are two general methods for assessing awards of attorney's fees in class action cases: (1) the percentage-of-the-fund method and (2) the lodestar method. The lodestar is defined as "the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994).

The standard for determining a reasonable figure for attorney's fees is set forth in the familiar Fourth Circuit case of *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226, n.28; *see also* Local Civil Rule 54.02, D.S.C. (expressly incorporating

the *Barber v. Kimbrell's, Inc.* factors). The named Plaintiff agreed to a contingent fee arrangement with Plaintiffs' Counsel that would allow attorney fees in an amount equal to one-third of the gross amount of any recovery or the court-awarded fees, whichever is greater. However, Plaintiffs' Counsel has elected to ask the Court to award fees based upon the lodestar amount, which provides for a lesser recovery for Counsel. Plaintiffs' counsel expended 59.2 hours of legal work at rates of $300/hour, for a combined lodestar number of $17,760.00 with $400.00 in costs.  The rate of $300.00 is reasonable and has been approved by other Courts in this District. In 2011, in another case under the FLSA, the Hon. Richard M. Gergel awarded David Rothstein attorney's fees at the rate of $350.00 per hour. *George et al. v. Pro Med Ambulance Service*, LLC, C/A No. 2:10-cv-00087-RMG (D.S.C. Oct. 20, 2011) (Dkt. No. 50). On June 13, 2011, the Hon. J. Michelle Childs awarded attorneys' fees to Brian P. Murphy and John S. Nichols at the rate of $300.00 per hour in a successful race discrimination case. *Steven Anthony Banks v. Allied Crawford Greenville, Inc.*, No. 6:09-cv-01337-JMC, 2011 U.S. Dist. LEXIS 63105, at *1 (D.S.C. June 13, 2011).

Plaintiffs' Counsel negotiated her fees and costs separately. The total costs and fees to date are $18,160.00 however for settlement purposes Plaintiffs' Counsel has agreed to reduce the fees and costs to $9115.00.  In *Irvine v. Destination Wild Dunes Mgmt.*, 204 F. Supp. 3d 846, 850 (D.S.C. 2016), the Hon. Richard M. Gergel approved attorney's fees in an FLSA settlement where the proposed attorney's fees were less than the lodestar number and fees at the rate of $300.00/$250.00 per hour.  Plaintiffs respectfully request that the Court approve attorney's fees of $8,715.00 and $400.00 in costs to Plaintiffs' Counsel based on a reduced lodestar method.

The Parties will submit the specific terms of the settlement to the Court *in camera*.

Plaintiffs' counsel contacted each Plaintiff who has joined this action and outlined the financial and non-financial aspects of the settlement. Each Plaintiff accepted the settlement and did not object to the terms of the settlement or the Settlement Agreement.

The Parties believe the settlement reached and agreed upon to be fair and reasonable. Based on the foregoing, the Parties hereby move for a Court Order approving the Settlement Agreement reached by the Parties.

| WE SO MOVE: | WE SO MOVE: |
|---|---|
| s/ Melissa F. Spence | s/ Marybeth Mullaney |
| Cherie W. Blackburn  (Fed. ID No. 1575) | Marybeth Mullaney (Fed. ID No. 11162) |
| Melissa F. Spence  (Fed. ID No. 11194) | Mullaney Law |
| NEXSEN PRUET, LLC | 1037-D Chuck Dawley Blvd, Suite 104 |
| 205 King Street, Suite 400 (29401) | Mount Pleasant, SC  29464 |
| P.O. Box 486 | Phone: 843.588.5587 |
| Charleston, South Carolina  29402 | Facsimile: 800.385.8160 |
| Phone:  843.577.9440 | E-mail: marybeth@mullaneylaw.net |
| Facsimile:  843.720.1777 | |
| E-mail: cblackburn@nexsenpruet.com | ATTORNEY FOR PLAINTIFF |
| E-mail: mspence@nexsenpruet.com | RICK CUMBE, ON BEHALF OF HIMSELF |
| | AND ALL OTHER SIMILARLY SITUATED |
| ATTORNEYS FOR DEFENDANTS | |
| LEBANON DELIGHTS LLC, DBA | |
| LEYLA'S AND DOLLY AWKAR, | |
| INDIVIDUALLY | |

December 4, 2018
Charleston, SC